UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAV DOMANSKIY, a Florida resident; CONTRACTOR MASTER, LLC, a Washington limited liability company; and AMANDA SWULIUS and KYLE BERCHIN, Washington residents.<br><br>    Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## I.     PARTIES

1.     Plaintiff Security National Insurance Company ("Security") is a Delaware corporation with its principal place of business in New York.

2.     Upon information and belief, Defendant Stanislav Domanskiy ("Domanskiy") is an individual that resides in Florida.

3.     Upon information and belief, Defendant Contractor Master, LLC ("CM") is a Washington limited liability company, which at all relevant times transacted business in the State of Washington.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

4. Upon information and belief, CM was a licensed construction contractor in Washington until its license was suspended on or about December 26, 2019.

5. Upon information and belief, Domanskiy is the owner and sole governor of CM.

6. Upon information and belief, Defendants Amanda Swulius and Kyle Berchin (collectively "Claimants"), are a married couple that reside in Camas, Washington.[1]

## II.   VENUE AND JURISDICTION

7. The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

8. Venue is proper in the Western District pursuant to 28 U.S.C. § 1391(a), (b) as two of the defendants reside in the Western District, and a substantial part of the events giving rise to the claim in occurred in Clark County, Washington.

## III.   FACTS

**A.   The Underlying Lawsuit**

9. On or about February 6, 2023, the Claimants filed a Complaint against Domanskiy and CM, captioned as *Amanda Swulius and Kyle Berchin v. Stanislav Domanskiy, et al.,* in the Superior Court of the State of Washington, Clark County, Case No. 23-2-00308-06 (the "Underlying Lawsuit").  Attached hereto as **Exhibit A** is a copy of the Complaint filed in the Underlying Lawsuit ("Underlying Complaint").

10. According to the allegations in the Underlying Complaint, the Claimants purchased a home located at 27524 NE 19th Street, Camas, Washington (the "Property") from Domanskiy on or around June 16, 2020.

---

[1] Security makes no claim directly against the Claimants in this lawsuit.  The Claimants are named defendants solely as potentially interested and necessary parties.  Upon request, and with permission of the Court, Security will agree to voluntarily dismiss the Claimants from this lawsuit upon an agreement to be bound by any ruling regarding coverage in this action.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

11. The Purchase Agreement listed Domanskiy as the Seller, and included several addenda, the second of which required the Owner (defined as Domanskiy in the Purchase Agreement) to provide an unlimited 10-year warranty covering any manufacture or installation defects.

12. The Claimants allege that Domanskiy and/or CM constructed a new home at the Property in 2018.

13. The Claimants allege that Domanskiy resided at the Property prior to its sale to the Claimants.

14. The Claimants allege that Domanskiy moved to Florida shortly after selling the Property to the Claimants.

15. Upon information and belief, building permits were issued to Domanskiy and/or CM on or about October 30, 2018. Attached hereto as **Exhibit B** is a copy of building permits for the Property.

16. Upon information and belief, a certificate of occupancy for the Property was issued to Domanskiy and/or CM on or about October 10, 2019. Attached hereto as **Exhibit C** is a copy of the certificate of occupancy for the Property.

17. Domanskiy is listed as the "owner" of the Property on the building permit. Upon information and belief, Domanskiy used CM to act as his own contractor for building the Property.

18. After purchasing the Property, the Claimants hired CM to perform certain additional construction work, including adding a bathroom.

19. The Claimants allege that CM breached their construction contract by failing to fully and/or adequately complete the additional construction work.

20. The Claimants allege that CM was not registered as a contractor with the State of Washington during the time it performed the additional construction work.

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

21. After moving onto the Property, the Claimants allege that they noticed various issues at the Property.

22. The Claimants allege that Domanskiy initially serviced some of these issues pursuant to the warranty in the Purchase Agreement.

23. The Claimants allege that, by the fall of 2022, Domanskiy had stopped responding to their inquiries regarding alleged water intrusion and mold issues.

24. The Claimants allege that they hired other contractors, including water and mold remediation firms, and continued to notify Domanskiy, who never responded.

25. The Claimants allegedly incurred over $100,000 in remediation costs.

26. The Claimants assert the following causes of action in the Underlying Lawsuit against Domanskiy and/or CM: (1) Breach of Contract and Warranty; (2) Breach of Duty of Good Faith and Fair Dealing; (3) Consumer Protection Act ("CPA") Claim; and (4) Piercing the Corporate Veil.

**B.  The Security Policies**

27. Security issued a Commercial General Liability ("CGL") policy to CM, number NA119992300, that was effective from August 2, 2017 to August 2, 2018 (the "2017 Policy"). Attached as **Exhibit D** is a copy of the 2017 Policy.

28. The 2017 Policy was cancelled and became ineffective on March 22, 2018.

29. Security issued another CGL policy, number NA154648400 to CM that was effective from April 23, 2018 to April 23, 2019 (the "2018 Policy"). Attached as **Exhibit E** is a copy of the 2018 Policy.

30. The 2018 Policy renewed on April 23, 2019, and was effective until April 23, 2020 (the "2019 Policy").[2] Attached as **Exhibit F** is a copy of the 2019 Policy.

---

[2] The 2017 Policy, 2018 Policy, and 2019 Policy may be referred to hereinafter collectively as the "Policies."

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

31.     Upon information and belief, Security did not issue any insurance policy to CM that would have been effective after April 23, 2020.

32.     Each of the Policies contain the same general CGL coverage form, which contains an insuring agreement that provides, in relevant part, as follows:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
> **(2)** Our right and duty to defense ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period and;

    **(3)** Prior to the policy period

  …

33. The Policies contain definitions for certain terms, and provide, in relevant part, as follows:

  **SECTION V – DEFINITIONS**

  …

  **6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

  …

  **8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   **a**. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   **b.** You have failed to fulfill the terms of a contract or agreement;

  if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

  …

  **9.** "Insured contract"[3] means:

   …

   **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which

---

[3] As amended by endorsement form CG 24 25 07 04.

COMPLAINT FOR DECLARATORY JUDGMENT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

…

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

  **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawing and specifications; or

  **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

16. "Products-completed operations hazard":

  **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

  **(1)** Products that are still in your physical possession; or

  **(2)** work that has not yet been completed or abandoned. However, "your work will be deemed completed at the earliest of the following times:

    **(a)** When all the work called for in your contract has been completed

    **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than on job site.

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

      **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as complete.

**17.** "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. Suit" includes:

  **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent.

  **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**22.** "Your work":

  **a.** Means:

    **(1)** Work or operations performed by you or on your behalf; and

    **(2)** Materials, parts or equipment furnished in connection with such work or operations.

  **b.** Includes:

    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    **(2)** the providing of or failure to provide warnings or instructions.

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

34. The Policies contain a business description limitation endorsement form that limits the scope of coverage afforded by the Policies to certain business activities, and provides, in relevant part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO BUSINESS DESCRIPTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

BUSINESS DESCRIPTION:

97447 MASONRY INCLUDES CUTTING &AMP; LAYING OF BRICKS, BLOCK, STONE AND OTHER UNIT MASONRY OR CLAY PRODUCT AND MORTAR WORK. RETAINING WALLS OVER 6 FEET NOT ALLOWED BUT PERIMETER WALL OVER 6 FEET OK. NO STREET, ROAD OR HIGHWAY WALLS OR WORK. NO EXTERIOR WORK ON BUILDINGS EXCEEDING 3 STORIES OR CAST-IN-PLACE CONCRETE WORK. NO FIREPLACE OR CHIMNEY WORK ALLOWED. [4]

---

[4] The 2018 Policy and 2019 Policy contain a slight revised "Business Description: as follows:

97447 Masonry
The following operations are included in this classification:
- Masonry work
- Cutting and laying of bricks, block, stone and other unit masonry or clay product and mortar work
- Exterior work up to 3 stories in height
- Work on retaining walls up to 6 feet
- Work on slopes up to 20 degrees
- Work up to 12 feet below grade level

The following operations are not included in this classification:
- Construction or repair of street, road, highway walls, sound walls, dam or levee work
- Cast-in-place concrete work
- Fireplace or chimney work other than outdoor fireplaces and chimneys not connected to the wall of a habitational structure
- Swimming pool, spa and pond work (residential backyard ponds allowed)
- Waterproofing of foundations or building walls
- Foundation work of any kind
- Rental of equipment to others
- Road, highway, bridge or overpass work

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

A. SECTION – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b. is amended and the following added:

(4) The "bodily injury" or "property damage" is caused by or results from the business described in the Schedule.

…

All other terms and conditions remain unchanged.

35. The Policy sets forth who qualifies as an "insured" and provides, in relevant part, as follows:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

…

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

…

36. The Policies contain certain exclusionary language that may apply to the claims in the Lawsuit. In this regard, the Policies provide as follows:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

        a contract or agreement. This exclusion does not apply to liability for damages:

        **(1)** That the insured would have in the absence of the contract or agreement; or

        **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

           **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

           **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**j.   Damage To Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

…

**(5)** That particular part of real property on which you or an contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

COMPLAINT FOR DECLARATORY JUDGMENT - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

…

> Paragraph (**2**) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.
>
> Paragraphs (**3**), (**4**), (**5**) and (**6**) of this exclusion do not apply to liability assumed under a sidetrack agreement.
>
> Paragraph (**6**) of this exclusion does not apply to "property damage" included in the "production-completed operations hazard".

…

**l.  Damage To Your Work**

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

**m.  Damage To Impaired Property Or Property Not Physically Injured**

> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out a sudden and accidental physical injury to "your product" or "your work" after is has been put to its intended use.

37. The Policies contain endorsement form CG 21 34 CM 01 87, which provides, in relevant part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED WORK**

This endorsement modifies insurance provided under the following:

COMPLAINT FOR DECLARATORY JUDGMENT - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

### SCHEDULE

Description of your work:

Construction management for a fee

…

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

38. The Policies contain endorsement form CG 21 34 NH 01 87, which provides, in relevant part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### EXCLUSION – DESIGNATED WORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

### SCHEDULE

**Description of your work:**

CONSTRUCTION OF NEW HOMES AS A GENERAL CONTRACTOR OR DEVELOPER.

…

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

39. The Policies contain endorsement form CG 26 77 12 04, which provides, in relevant part, as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**WASHINGTON – FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY PART

**A.** The following exclusion is added to paragraph **2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability**:

**2. Exclusions**

This insurance does not apply to:

Fungi Or Bacteria

**a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

…

**C.** The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

**C.** **Security Agreed to Defend West Under a Full Reservation of Rights**

40. On or about April 10, 2023, Domanskiy and CM tendered the defense of the claims in the Underlying Lawsuit to Security.

COMPLAINT FOR DECLARATORY JUDGMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

41. On June 1, 2023, Security agreed to defend Domanskiy and CM in the Underlying Lawsuit under a full reservation of rights. Attached hereto as **Exhibit G** is a copy of Security's reservation of rights letter.

### IV. FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT "PROPERTY DAMAGE" AND "OCCURRENCE"

42. Security realleges each of the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

43. The Policies provide coverage for "property damage" caused by an "occurrence."

44. The Claimants allege in the Underlying Complaint that CM violated the CPA by failing to register with the Washington Department of Labor and Industries ("L&I") and file a surety bond or savings account with L&I in violation of RCW 18.27 *et seq*.

45. The Claimants' CPA claim does not constitute a claim for "property damage" as this term is defined by the Policies as physical injury to tangible property.

46. Security is entitled to declaratory judgment it owes no duty to defend or indemnify Domanskiy and/or CM against the CPA claim in the Underlying Lawsuit.

47. Additionally, the piercing the corporate veil claim does not allege "property damage."

48. As such, Security is entitled to declaratory judgment it owes no duty to defend or indemnify Domanskiy and/or CM against the piercing the corporate veil claim in the Underlying Lawsuit.

### V. SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT POLICY PERIOD

49. Security realleges each of the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

50. The Policies were effective from August 2, 2017 to March 23, 2018, and from April 23, 2018 to April 23, 2020.

51. Security seeks declaratory judgment that it owes no duty to defend or indemnify Domanskiy and/or CM against any claims in the Underlying Lawsuit for damages at the Property that occurred outside of the applicable periods of coverage under the Policies, including without limitation, during the approximately one-month period in 2018 when neither Domanskiy and CM were insured, and any construction work performed after April 23, 2020, which include the time after the sale of the Property to the Claimants.

## VI. THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT BUSINESS DESCRIPTION ENDORSEMENT

52. Security realleges each of the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

53. The Policies contain an endorsement that limits coverage for "property damage" caused by, or resulting from, the business described in the Schedule.

54. The Schedule lists the business description as "masonry."

55. The Claimants allege in the Underlying Lawsuit that Domanskiy and/or CM built the entire house on the Property.

56. Security seeks declaratory judgment that it owes no duty to defend or indemnify Domanskiy and/or CM against any claims in the Underlying Lawsuit that were not caused by or resulted from "masonry" work as described in this endorsement.

## VII. FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT CONTRACTUAL LIABILITY EXCLUSION

57. Security realleges each of the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

58. The Policies contain a contractual liability exclusion.

COMPLAINT FOR DECLARATORY JUDGMENT - 16

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

59. The Claimants allege in the Underlying Lawsuit that Domanskiy breached the Purchase Agreement for the Property, and that Domanskiy and CM "breached its contact with the Plaintiffs by failing to properly construct the addition to the [Property] causing serious mold infestation."

60. Neither the Purchase Agreement nor any construction agreement qualify as an "insured contract" under the Policies.

61. As such, Security seeks declaratory judgment that it owes no duty to defend or indemnify Domanskiy and/or CM against any breach of contact claim in the Underlying Lawsuit.

### VIII. FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT DAMAGE TO PROPERTY EXCLUSION

62. Security realleges each of the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

63. The Policies contain a damage to property exclusion that precludes coverage for property damage to premises the CM sells, rents or occupies for repair, replacement, enhancement, restoration or maintenance of such property for any reason.

64. This exclusion also applies to property damage to any premises that CM sells, gives away or abandons, if the property damage arises out of any part of those premises.

65. This exclusion also applies to property damage to that particular part of real property on which CM or any contractors or subcontractors working directly or indirectly on its behalf are performing operations, if the "property damage" arises out of those operations.

66. This exclusion also applies to property damage to any particular part of any property that must be restored, repaired or replaced because CM's work was incorrectly performed on it.

67. There are no allegations of liability assumed under a sidetrack agreement in the Underlying Complaint.

COMPLAINT FOR DECLARATORY JUDGMENT - 17

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

68. The "products-completed operations hazard" does not apply to all damages alleged in the Underlying Complaint because it is alleged that CM did not finish its additional construction work at the Property.

69. Security seeks declaratory judgment that it owes no duty to defend or indemnify Domanskiy and/or CM for any claims in the Underlying Lawsuit that fall under the above exclusionary language.

### IX. SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT YOUR WORK EXCLUSION

70. Security realleges each of the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

71. The Policies contain an exclusion for property damage caused by the insured's incorrect work.

72. This exclusion is not subject to the "products-completed operations hazard."

73. To the extent there is any property damage at the Property, all of it would arise out of the work of Domanskiy and/or CM.

74. Security seeks declaratory judgment that it owes no duty to defend or indemnify Domanskiy and/or CM for any claims in the Underlying Lawsuit that fall under the above exclusionary language.

### X. SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT CONSTRUCTION MANAGEMENT FOR A FEE EXCLUSION

75. Security realleges each of the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

76. The Policy contains an endorsement that contains an exclusion for "property damage" included in the "products-completed operations hazard" and arising out of "your work" in construction management for a fee.

COMPLAINT FOR DECLARATORY JUDGMENT - 18

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

77. Security seeks declaratory judgment that it owes no duty to defend or indemnify Domanskiy and/or CM for any claims in the Underlying Lawsuit that fall under the above exclusionary language.

### XI. EIGHTH CAUSE OF ACTION: DECLARATORY JUDGMENT CONSTRUCTION OF NEW HOMES EXCLUSION

78. Security realleges each of the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

79. The Policy contains an endorsement that contains an exclusion for property damage arising out of construction of new homes as a general contractor or developer exclusion.

80. It is alleged that the Property was a new home built by CM as a general contractor.

81. As such, Security seeks declaratory judgment that it owes no duty to defend or indemnify Domanskiy and/or CM for any claims in the Underlying Lawsuit that fall under the above exclusionary language.

### XII. NINTH CAUSE OF ACTION: DECLARATORY JUDGMENT FUNGI/BACTERIA EXCLUSION

82. Security realleges each of the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

83. The Policies exclusion property damage arising out of exposure to any "fungi" or bacteria.

84. The Underlying Complaint alleges mold infestation at the Property following Domanskiy and/or CM's work.

85. Security seeks declaratory judgment that it owes no duty to defend or indemnify Domanskiy and/or CM for any claims in the Underlying Lawsuit that fall under the above exclusionary language.

COMPLAINT FOR DECLARATORY JUDGMENT - 19

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1

86. A justiciable controversy exists between Security, on the one hand, and Domanskiy and/or CM, on the other hand, with regard to coverage for the Underlying Lawsuit under the Policies as set forth herein.

### XIII.   PRAYER FOR RELIEF

Security prays for the following relief:

1. Declaratory judgment that it owes no duty to defend and/or indemnify Domanskiy and CM from the claims alleged in the Underlying Lawsuit as alleged herein;

2. For attorneys' fees and costs allowed by statute and/or applicable law; and

3. Such other and further relief as the Court deems just and equitable.

DATED this 19th day of January, 2024.

*s/ Eliot M. Harris*
Eliot M. Harris, WSBA # 36590
*s/ Miles J. M. Stewart*
Miles J. M. Stewart, WSBA # 46067
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel:   (206) 628-6600
Fax:   (206) 628-6611
Email: eharris@williamskastner.com
            mstewart@williamskastner.com

*Attorneys for Plaintiff Security National Insurance Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 20

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7841806.1